(No. 5017-)

BOOKER T. YOUNG, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 14, 1963.*

PAUL F. BLANKE, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimant seeks recovery of $684.54 in wages lost due to suspension from his position as a Psychiatric Aide at the Manteno State Hospital at Manteno, Illinois.

The facts in this case are undisputed, and the filing of briefs or arguments were waived. On April 10, 1961, claimant was suspended from his position as a result of charges filed against him by the Department of Public Welfare and approved by the Department of Personnel.

On May 5, 1961, the Civil Service Commission of the State of Illinois held a hearing on such charges, and by decision dated September 12, 1961 judged the testimony supporting the charges against claimant to be insufficient, and ordered that he be retained in his position.

As a result of his suspension, claimant did not work from April 11 until October 4, 1961. After returning to work on October 4, 1961, claimant was allowed, and was paid full salary payments from July 1, 1961. He did not receive any salary or compensation for the period beginning April 11, 1961 to and including June 30, 1961.

The parties stipulated that, on and before April 10, 1961, claimant was paid by the State of Illinois and the Department of Public Welfare at the basic pay rate of Two Hundred Sixty Dollars ($260.00) per month.

The decision of the Civil Service Commission concerning claimant's suspension and discharge, which was entered on September 12, 1961, provided:

"It is, therefore, the decision of the undersigned Hearings Referee that the respondent be and he is hereby retained in his position as 'Psychiatric Aide I' in the Department of Public Welfare, State of Illinois, petitioner

herein, with full compensation, as provided in Section 11 of the Personnel Code (Chap. 127, Par. 63 b 111, Ill. Rev. Stats., 1959)."

Claimant, Booker T. Young, testified that, during the period of April 11, 1961 to June 30, 1961, he did not receive any wages or compensation for work or services or employment performed of any nature. The only income he received was $55.00 from the Township Relief Office in Kankakee. Apparently the appropriations provided in the legislative biennium had lapsed for the period prior to July 1, 1961.

Claimant is, therefore, entitled to the sum of $684.54, less the $55.00 paid by the Kankakee Township Relief Office.

Claimant is hereby awarded $629.54.